TALIAFERRO, Judge.
Plaintiff, the owner of the West Half of Northwest Quarter (W 1/2 of NW 1/4), Section Fifteen (IS), Township Twenty (20) North, Range Thirteen (13) West, excepting 2 1/2 acres, in Bossier Parish, Louisiana, instituted this suit against the defendant to recover judgment for the market value of 29,080 feet, log measure, of oak and pine logs cut and removed from said land in the year 1948. The value of the timber when cut is alleged to have been $20 per thousand. Judgment for $581.60 is prayed for.
The answer of the defendant is, in effect, a general denial. Defendant appealed from judgment against him for $488. By answer to the appeal, plaintiff prays for increase in the judgment to the full amount for which he sued.
. There is no serious dispute as to the quantity and species of timber removed. It was done without plaintiff’s knowledge and consent. It is satisfactorily established by the testimony, as found by the lower court, that the timber was cut by defendant’s agents and employees and by them hauled to his mill, not very far away.
It appears that prior to' the trespass upon plaintiff’s land, ■ defendant had purchased the timber from a tract of several hundred acres that adjoined his tract on its East and South sides. The lines of the smaller tract were well marked, a wire fence having been erected upon the East and South boundaries.
It further appears that defendant was the owner of a portable sawmill which he had erected upon the land on which he owned the timber, East of and not a great distance from that of plaintiff. This mill was employed to convert into lumber the timber there owned by defendant.
The .employees, there being two, who actually cut down the trees and sawed them *44 into logs suitable' for sawmill purposes, testified in the case. One of them accompanied plaintiff to the land, and identified the stumps as being from trees that he and his co-laborer had felled. The co-laborer admitted that he assisted in cutting down trees immediately West of the aforementioned fence. These men "were not asked who directed them to cut this timber, but each testified that they were employed by the defendant and cut the timber for him. Neither knew the ownership of the land at the time of the cutting.
Another employee testified that he hauled a-portiori of the logs to defendant’s mill soon after they were cut.
It is possible that since defendant carried on a rather extensive lumber manufacturing business and had woods foremen to act for him, he did not have actual knowledge of the trespass at the time -it occurred, but there is adequate evidence in the record upon which to base the conclusion that he had knowledge thereof and considered a plan of settling with plaintiff for the timber not long prior to date this suit was filed.
Since it is shown that defendant’s employees cut the trees and converted them into saw logs, and that a goodly portion of them' were actualy hauled arid delivered to his mill by another 'employee; and, further, that the balance of the Togs were not on the land when plaintiff discovered the trespass had happened, it is reasonable to assume, as we do, that all of the logs were delivered to said mill and there manufactured into lumber. However, it is immaterial, as regards responsibility for the value of the logs, whether all of them reached defendant’s mill or not. Responsibility attached when the trees were felled by his employees and a portion of the logs hauled to and were accepted by him and his representatives at the mill.
The trial judge gave no written reasons for fixing the amount of the judgment for less than that for which sued. Neither counsel has thrown any light upon the subject. There is unbiased testimony in the record that warrants the fixing of an average value of $20 per thousand for the logs. It is shown that the cutting covered the entire tract, less the 2 1/2 acres not owned by plaintiff, and that the choicest of the trees were felled.
For the reasons herein assigned, the judgment from which appealed is amended by increasing same to $581.60, and as amended, same is hereby affirmed with costs.